IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNSOUTH CAPITAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARDING ENTERPRISES, LLC, )<br>and GREGGORY A. HARDING, )<br>)<br>Defendants. ) | <br><br><br><br>CASE NO. 1:15-CV-823-WKW<br>[WO] |

## **TEMPORARY RESTRAINING ORDER**

Before the court is a Verified Complaint for Injunction, Detinue, and Other Relief filed by Plaintiff SunSouth Capital, Inc. (Doc. # 1.) The Verified Complaint, which predicates jurisdiction under 28 U.S.C. § 1332(a), contains requests for a temporary restraining order and for a preliminary injunction. These requests are construed as motions for a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. For the reasons that follow, the motion for a temporary restraining order is due to be granted, and a hearing on the motion for a preliminary injunction will be set.

### **I. THE COMPLAINT'S VERIFIED ALLEGATIONS**

The Verified Complaint alleges that, between January 22, 2011, and April 6, 2012, SunSouth and Defendant Harding Enterprises, LLC, entered into six equipment leases. SunSouth leased vehicles, construction equipment, and related

accessories to Harding Enterprises for use on construction projects, and Harding Enterprises granted SunSouth a security interest in all equipment. Additionally, Defendant Greggory A. Harding executed personal guaranties for all obligations under the equipment leases, and the equipment leases are cross-collateralized.

Defendants have defaulted under each equipment lease. All cure periods have expired; the debts have been accelerated; and all amounts are due and payable in full. SunSouth notified Mr. Harding by letter dated July 31, 2015, that the leases were in default and that it was exercising its right to accelerate the loans, but Defendants did not respond to the letter. Subsequently, in a letter dated August 26, 2015, counsel for SunSouth notified Mr. Harding that it had retained an independent contractor to assist in repossessing the equipment. Counsel also requested information as to the location of the equipment and informed Mr. Harding that, if Defendants failed to assemble the equipment for repossession, it would file a lawsuit for injunctive relief. Defendants have refused, however, to surrender the equipment. They also have admitted that are unable to pay the debts, but that they are continuing to use the equipment. Not surprisingly, this lawsuit followed.

The Verified Complaint contains multiple state-law claims for detinue and breach of contract. It requests, among other relief, a temporary restraining order, entered with or without notice, directing Defendants to cease using the equipment

immediately, to assemble and store the equipment at its present location, and to surrender the equipment to SunSouth. The Verified Complaint also requests an expedited hearing and a preliminary injunction.

As of October 21, 2015, the total debt Defendants owed SunSouth exceeded $204,000, and SunSouth has not received any payments under the equipment leases since May 2015. SunSouth contends that Defendants' failure to assemble and surrender the equipment to SunSouth exposes it to immediate and irreparable harm.

## II. DISCUSSION

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam). Additionally, a temporary restraining order may be issued without notice to the opposing party "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant[ ] . . . certifies in writing any

efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Applying the forgoing criteria, the court finds that the Verified Complaint, including its attachments, satisifies SunSouth's burden for the issuance of a temporary restraining order without notice.[1]  First, the record demonstrates that Defendants have defaulted under the equipment leases, have refused to turn over the equipment or reveal its location, and have continued to use the leased equipment without payment.  Defendants' conduct, as pleaded, amounts to willful and flagrant breaches of the equipment leases and personal guaranties.  Second, Defendants' continued actions will cause immediate and irreparable injury to SunSouth if a temporary restraining order is not granted.  Third, a temporary restraining order will not inflict any harm on Defendants but, from aught that appears, will benefit Defendants by halting their continuing losses.  SunSouth's actual, ongoing injuries clearly outweigh any potential harm that Defendants would suffer from the entry of a temporary restraining order pending the outcome of a hearing on the motion for a preliminary injunction.  Fourth, entry of a temporary restraining order will serve the public interest.  The four elements required for temporary injunctive relief are met.

---

[1] Pursuant to 28 U.S.C. § 1746, the Complaint is verified by Jeff Ratcliffe, an officer of SunSouth Bank.  As set out in the equipment-lease agreements, Plaintiff is a wholly owned subsidiary of SunSouth Bank.  (*See* Exs. A-1–A-6.)

Moreover, SunSouth has demonstrated that Defendants have ignored its letters to rectify the contractual breaches, have failed to inform SunSouth of the whereabouts of the equipment, have failed to assemble the equipment, and have otherwise failed to comply with the terms of the lease agreements and personal guaranties. SunSouth also has verified that it "has advised [Defendants] and their counsel [that it] is seeking [a temporary restraining order and other injunctive relief]." (Compl. ¶ 31.) Accordingly, SunSouth has satisfied the requirements for the issuance of a temporary restraining order without notice to Defendants.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1)  Plaintiff's motion for a temporary restraining order (Doc. # 1) is GRANTED.

(2)  Harding Enterprises, LLC, Greggory A. Harding and their officers, agents, servants, employees, and attorneys—as well as all persons who are in active concert or participation with them—are ORDERED to cease using all equipment that is subject to the equipment leases at issue, to assemble and store the equipment at the equipment's present location(s), and to surrender the same to SunSouth. They are further RESTRAINED and ENJOINED from intentionally damaging the equipment, and from switching or removing tires and other

accessories or attachments, except for ordinary, necessary repairs, or to make the equipment moveable or transportable.

(3) Within forty-eight hours of receipt of service of this Order, Defendants shall notify Plaintiff in writing or by electronic means of the specific location of every piece of equipment listed in the equipment schedules, including the joystick controls for the 2011 Haybuster Model 2564 and like accessories for the other equipment.

(4) It is further ORDERED that on or before **November 9, 2015**, Plaintiff shall execute and file a signature bond suitable to the Clerk of the Court in the amount of $25,000. If a bond is not filed on or before November 9, 2015, the injunction will dissolve by operation of law.

(5) An on-the-record evidentiary hearing to determine whether to convert this temporary restraining order into a preliminary injunction is set for **November 18, 2015, at 9:00 a.m**., in courtroom 2-B, Frank M. Johnson, Jr. U.S. Courthouse, One Church Street, Montgomery, Alabama.

(6) Defendants are DIRECTED to file a response to Plaintiff's motion for a preliminary injunction on or before **5:00 p.m., November 10, 2015**.

(7) Plaintiff may file a reply to Defendants' response on or before **5:00 p.m., November 13, 2015**.

(8)     Plaintiff is DIRECTED to serve Defendants and their counsel with a copy of this Order.

DONE this 5th day of November, 2015, at 8:32 a.m.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE