IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUNSOUTH CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CV-823-WKW |
| | ) | [WO] |
| HARDING ENTERPRISES, LLC, | ) | |
| and GREGGORY A. HARDING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff SunSouth Capital, Inc. ("SunSouth") brings this action against Defendants Harding Enterprises, LLC ("Harding Enterprises") and Greggory A. Harding ("Mr. Harding") alleging breaches of various heavy equipment leases. Before the court is SunSouth's motion for summary judgment. (Doc. # 53.) For the reasons set forth below, the motion for summary judgment is due to be granted in part and denied in part.

**I. JURISDICTION AND VENUE**

The court exercises subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III. FACTS AND PROCEDURAL HISTORY

This case arises out of six equipment leases entered into by the parties between January 2011 and April 2012. SunSouth leased to Mr. Harding various pieces of heavy equipment, and Harding Enterprises was listed as a co-lessee on two of the leases. (Doc. # 1-1.) Mr. Harding personally guaranteed payment for each of the leases. (Doc. # 1-3.) Under each of the six equipment leases, Defendants defaulted in payment, prompting SunSouth to accelerate the debts and demand payment. (Doc. # 1-4 (letters from SunSouth to Mr. Harding dated July 31, and Aug. 26, 2015).)

On November 3, 2015, SunSouth filed suit in this court, seeking injunctive relief against Defendants to surrender the equipment (Count I), detinue against Defendants to recover the equipment (Count II), and a remedy for Defendants' breaches of the equipment leases (Counts III and IV). (Doc. # 1.)

On December 8, 2015, this court entered a Seizure Order authorizing SunSouth to repossess its collateral. (Doc. # 16.) A public auction was conducted in June 2016. (Doc. # 53-1, ¶ 4.) After applying the proceeds from that sale to Defendants' debt balance, SunSouth's detailed calculations show that Mr. Harding still owed $436,199.86 while Harding Enterprises owed $373,729.58 as of April 11, 2017. (Doc. # 53-1, ¶ 5.)

On April 13, 2016, Defendants' first attorney submitted a motion to withdraw from representing Defendants, (Doc. # 23), which was granted on April 19, 2016. (Doc. # 26.) Defendants' second attorney filed a notice of appearance on June 27, 2016. (Doc. # 31.)

Following a Rule 26(f) Planning Meeting on August 16, 2016, (Doc. # 33), SunSouth submitted its first motion for summary judgment on September 2, 2016. (Doc. # 37.) Defendants requested (Doc. # 42), and were granted, (Doc. # 44), relief from deadlines that were triggered by SunSouth's motion for summary judgment. Consequently, SunSouth's motion for summary judgment was denied without prejudice. (Doc. # 44.)

On March 17, 2017, Defendants' second attorney filed a motion to withdraw from representing Defendants, citing "a failure of communication and agreement."

(Doc. # 51.) The court granted the motion and gave Defendants until June 1, 2017, to find new counsel and have them make an appearance. (Doc. # 52.)

On April 17, 2017, Plaintiff filed its second motion for summary judgment, (Doc. # 53), and on April 20, the court indefinitely suspended briefing because Defendants remained without counsel. (Doc. # 54.) On June 6, 2017, the court lifted the suspension on briefing and ordered Mr. Harding to file a *pro se* response to SunSouth's motion for summary judgment. At the same time, the court ordered SunSouth to file a notice to explain how the action could proceed against Harding Enterprises, which remained without representation. (Doc. # 57.) SunSouth subsequently filed a notice requesting that default judgment be entered in its favor and against Harding Enterprises. (Doc. # 58.)

Since that time, no attorney has made an appearance on behalf of either Defendant, and Mr. Harding never answered this court's order to respond to SunSouth's motion for summary judgment.

## IV. DISCUSSION

The court is asked to decide the pending motion for summary judgment with respect to Harding Enterprises while it remains unrepresented by counsel. Because it is a limited liability company, Harding Enterprises must retain counsel to appear in federal court, so it is unable to appear in this action. *See Palazzo v. Gulf Oil Corp.*,

5

764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *Souffrant v. Denhil Oil, LLC*, No. 10-80246-CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The rule requiring corporations to be represented by counsel extends to all non-natural persons, *i.e.*, entities, as its purpose is the protection of the courts and the administration of justice."). Accordingly, Harding Enterprises is in peril of a default judgment being entered against it. *In re Rodriguez*, 633 F. App'x 524, 527–28 (11th Cir. 2015). However, a default judgment is premature until SunSouth complies with the requirements of Federal Rule of Civil Procedure 55(a). For that reason, the court concurrently is filing an Order directing SunSouth to comply with such procedures in order to pursue a default judgment against Harding Enterprises.

There is no such hurdle to deciding the motion for summary judgment with respect to Mr. Harding. Despite ample opportunity and the court's directives, Mr. Harding has failed to respond to an order to appear *pro se* or obtain representation, and he has not responded to SunSouth's motion for summary judgment. Mr. Harding's failure to respond does not result in the court automatically granting SunSouth's motion because a court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of

the motion." *United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also* Fed. R. Civ. P. 56(e)(3) (providing that, "[i]f a party fails . . . to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it"). The Eleventh Circuit has explained, however, that "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. . . . At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Prop.*, 363 F.3d at 1101–02 (citation omitted).

SunSouth seeks summary judgment against Mr. Harding on its claim for breach of the equipment leases, specifically arguing that Mr. Harding breached the guaranty agreement to pay the outstanding debts. (Doc. # 53, at 8–9.) To prevail on such a claim under Alabama law, SunSouth must prove "the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Indus., Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987).

Here, SunSouth satisfies each element. It has produced the leases and guaranty agreements, each of which is signed by Mr. Harding. (Docs. # 1-1, 1-3.)

7

It has provided a detailed accounting of the principal and interest due on the debts, and it has submitted copies of demand letters sent to Mr. Harding. (Docs. # 1-4, 1-5.) Accordingly, SunSouth has established the necessary elements to prove Mr. Harding's breaches of the guaranty agreements, and the court finds that Mr. Harding is liable to SunSouth for the breaches in the sum of $436,199.86.

Finally, SunSouth has requested leave to submit its claim for attorney's fees and other costs of collection, as provided for in the leases and guaranty agreements. *See Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009). This request will be granted.

## V. CONCLUSION

Accordingly, it is ORDERED that SunSouth's motion for summary judgment (Doc. # 53) is GRANTED with respect to SunSouth's claims against Mr. Harding and DENIED with respect to SunSouth's claims against Harding Enterprises. SunSouth's request for leave to claim attorney's fees and other costs is GRANTED, and SunSouth shall file its requests for attorney's fees and taxation of other costs no later than **November 13, 2017**.

DONE this 14th day of September, 2017.

                                /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE