IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNSOUTH CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15-CV-823-WKW |
| ) | [WO] |
| HARDING ENTERPRISES, LLC, ) | |
| and GREGGORY A. HARDING, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff SunSouth Capital's Motion for Default Judgment (Doc. # 64) against Defendant Harding Enterprises, LLC, filed pursuant to Federal Rule of Civil Procedure 55(b)(1), which is construed as a motion under Rule 55(b)(2). The record reflects that Plaintiff has complied with the procedural requirements for obtaining a default judgment, as it has secured an entry of default from the Clerk of the Court based upon Defendant's failure to have counsel represent it. (Doc. # 63); *see* Fed. R. Civ. P. 55(a). Harding Enterprises's "cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as required by these rules.'" *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967). For the reasons that follow, the court finds that the entry of default

judgment, in accordance with Rule 16(f) and Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure, against Harding Enterprises is appropriate.

"[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993). In light of this well-settled law, "[a] corporation that terminates its attorney is in peril of a default judgment, which is an appropriate sanction if the failure to obtain successor counsel persists and is willful." *Fappiano v. MacBeth*, No. 309-CV-00043CSH, 2010 WL 1839946, at *1 (D. Conn. May 7, 2010).

On March 17, 2017, counsel for Harding Enterprises filed a motion to withdraw as its counsel, citing "a failure of communication and agreement." (Doc. # 51.) On April 13, 2017, the court entered an Order granting that motion and giving Harding Enterprises until June 1, 2017, to find new counsel. (Doc. # 52.) The June 1 deadline passed without an attorney appearing on behalf of Harding Enterprises or a word from Harding Enterprises. (Doc. # 57.) It has not defended this action since the entry of the April 13 Order; it has filed nothing with the court or otherwise demonstrated an intention to defend this action. Harding Enterprises's ongoing silence in this action over the past six months demonstrates a willful disregard of the court's order, making default judgment an appropriate sanction. *See Giovanno v. Fabec*, 804 F.3d 1361, 1365–66 (11th Cir. 2015).

Based upon Harding Enterprises's willful disregard of the court's order directing it to retain counsel, the court will treat the well-pleaded allegations as to liability in the verified complaint, as well as the accompanying exhibits, as true and admitted by Defendant. The verified complaint and its attachments provide a "sufficient basis" to support a finding that Harding Enterprises is liable to Plaintiff on the claims alleged. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

On the issue of damages, "all essential evidence is already on record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005), and, therefore, a hearing is not required. *See* Fed. R. Civ. P. 55(b)(2). Specifically, having considered Plaintiff's evidentiary submission (Doc. # 54) and verified pleading (Doc. # 1), the court finds that Plaintiff has proven that it is entitled to recover $373,729.58 from Harding Enterprises for its breach of various heavy equipment leases.

Accordingly, it is ORDERED that Plaintiff's Motion for Default Judgment (Doc. # 64) is GRANTED. Plaintiff shall file its requests for attorney's fees and taxation of other costs on or before **November 13, 2017**.

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Final judgment will be entered after resolution of the attorney's fees issue.

DONE this 12th day of October, 2017.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE